IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLIOT LAMONT ROGERS,

    Petitioner,               No. CIV S-05-1395 DAD P

    vs.

MARK SHEPHERD,

    Respondent.             ORDER

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On August 4, 2005, following the transfer of the action to this court from the U.S. District Court for the Northern District of California, petitioner filed a consent to proceed before a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(c)(1). On June 5, 2007, counsel for respondent filed a similar consent form with the court. Accordingly, on June 8, 2007, the district judge reassigned the case to the undersigned for all further proceedings and entry of final judgment. On June 14, 2007, petitioner filed a request for clarification of the reassignment order. Therein, petitioner states that he does not recall consenting to have a magistrate judge preside over his case and that he wishes his request for clarification to be construed as an express denial of consent to magistrate judge jurisdiction.

1

1  "The right to adjudication before an Article III judge is an important constitutional
2  right." <u>United States v. Neville</u>, 985 F.2d 992, 999 (9th Cir.1993).  However, like other
3  fundamental rights, this right can be waived if the parties consent to trial before a magistrate
4  judge.  <u>Dixon v. Ylst</u>, 990 F.2d 478, 479-80 (9th Cir.1993); 28 U.S.C. § 636(c)(1).  Once a civil
5  case is referred to a magistrate judge under § 636(c), the reference can be vacated by the court
6  only "for good cause shown on its own motion, or under extraordinary circumstances shown by
7  any party."  <u>Dixon</u>, 990 F.2d at 480 (quoting 28 U.S.C. § 636(c)(4)).
8  On August 4, 2005, petitioner voluntarily consented in writing to have a United
9  States Magistrate Judge conduct all proceedings in this case, including trial and entry of final
10 judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is
11 filed.  Petitioner has not moved to withdraw his written consent.  Moreover, his request for
12 clarification does not demonstrate any extraordinary circumstances that would justify the
13 vacating of the reference.  Finally, the undersigned finds good cause to vacate the reference to be
14 lacking.
15 IT IS SO ORDERED.
16 DATED: August 3, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20 DAD:9
   roge1395.consent