IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLIOT LAMONT ROGERS,

    Petitioner,                    No. CIV S-05-1395 DAD P

    vs.

MARK SHEPHERD,

    Respondent.              ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 6, 2007, respondent filed an answer to the petition. On August 8, 2007, petitioner filed a traverse. This case is now submitted for decision and in due course, the court will issue its decision on the merits of the petition. Pending before the court is petitioner's motion for reconsideration of the court's February 4, 2009, order denying his motion to expand the record. Respondent has opposed the pending motion.

**BACKGROUND**

        On May 28, 2008, petitioner filed a motion to expand the record. Therein, he requested an order expanding the record to include: (1) the California State Bar records of Butte County Deputy District Attorney Leo Barone and (2) the California State Bar records of defense attorney Grady Davis. Petitioner also requested that the court take judicial notice of these

1

records. On February 4, 2009, the court denied petitioner's requests because he had not made any showing that the California State Bar records in question were relevant to the merits of his habeas petition or to the resolution of his prosecutorial misconduct and ineffective assistance of counsel claims presented therein. The court also found that petitioner had failed to explain how the conduct of attorneys Barone and Davis, which allegedly resulted in their suspensions from the practice of law, had any adverse affect on petitioner's criminal proceedings.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

In his motion to reconsider, petitioner argues that the state bar records of attorneys Barone and Davis are relevant to these habeas proceedings. Petitioner contends that those records reflect that Barone stipulated to four counts of misconduct during his tenure as deputy district attorney as well as to acts of moral turpitude and failure to disclose exculpatory evidence. Petitioner contends that Barone committed prosecutorial misconduct in petitioner's criminal proceedings by failing to correct trial testimony he knew to be false or should have known was false. According to petitioner, Barone's prior failure to disclose exculpatory evidence, as well as his failure to correct false testimony in petitioner's criminal proceedings, are part of a course of conduct that go to the heart of petitioner's prosecutorial misconduct claim.

Petitioner also contends that state bar records reflect that Attorney Davis stipulated to misconduct in seven matters and was found to have not provide competent legal services to five clients and to have failed to refund unearned fees. Petitioner contends that in his case, Davis failed to investigate witnesses and facts critical to petitioner's defense. Petitioner also argues that Davis failed to object to numerous trial court errors or to adequately communicate with petitioner in preparation for his trial. According to petitioner, Attorney Davis' pattern of indifference to his clients establishes a course of conduct and supports petitioner's ineffective assistance of counsel claim.

Petitioner concludes that this court erred when it denied his motions to expand the record and for judicial notice of the state bar records of attorneys Barone and Davis. Petitioner

moves for reconsideration, or alternatively, requests an order allowing him to proceed with an interlocutory appeal.

**ANALYSIS**

A request for reconsideration is directed to the sound discretion of the court. See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981). A party seeking reconsideration must brief the "new or different facts or circumstances" which were not shown previously "or what other grounds exist for the motion." Local Rule 78-230(k). This rule is grounded on the principle that decisions on legal issues made in a case should be followed unless there is substantially different evidence or new controlling authority, or the party demonstrates that the court's prior decision was clearly erroneous and resulted in injustice. See Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). A motion to reconsider is not a vehicle by which an unsuccessful party can "rehash" arguments or present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).

In this case, petitioner's motion for reconsideration merely rehashes allegations and arguments previously presented his motion to expand the record and motion for judicial notice. Petitioner's motion for reconsideration does not present different facts or circumstances that were not shown previously, and petitioner has failed to demonstrate that this court's order was clearly erroneous or resulted in injustice. As the court previously explained, under Rule 7 of the Rules Governing § 2254 Cases, the court may expand the record to include additional materials relevant to the merits of the petition. See Rule 7, Fed. R. Governing § 2254 Cases. In this case, the state bar records of attorneys Barone and Davis are not relevant to the merits of the instant petition or to the resolution of petitioner's prosecutorial misconduct and ineffective assistance of counsel claims. See Darden v. Wainwright, 477 U.S. 168 (1986) (petitioner's due

process rights violated when prosecutor's misconduct renders his trial fundamentally unfair); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (petitioner's due process rights violated when prosecutor's misconduct has a substantial and injurious effect or influence in determining jury's verdict in his criminal proceedings); Strickland v. Washington, 466 U.S. 668, 690 (1984) (to demonstrate ineffective assistance of counsel petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness when judged based upon the facts of the particular case and that his counsel's performance prejudiced him during his criminal proceedings). Again, petitioner has not demonstrated how the prior misconduct allegedly engaged in by attorneys Barone and Davis had any adverse affect on his criminal proceedings. Petitioner merely assumes that, because these attorneys engaged in misconduct in other proceedings, they engaged in misconduct in his case. However, petitioner assumes too much. See, e.g., United States v. Ross, 338 F.3d 1054, 1056-57 (9th Cir. 2003) (an attorney's suspension from practice prior to the start of petitioner's criminal proceedings is not per se ineffective assistance of counsel); United States v. Mouzin, 785 F.2d 682, 698 (9th Cir. 1986) (an attorney's disbarment during petitioner's criminal proceedings did not violate petitioner's Sixth Amendment right to effective assistance of counsel); United States v. Hoffman, 733 F.2d 596 (9th Cir. 1984) (an attorney's suspension from practice does not automatically violate petitioner's Sixth Amendment right to effective assistance of counsel); Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1161-62 (C.D. Cal. 2006) ("to show an attorney was ineffective, the petitioner must show incompetence or ineffective[ness] in his trial, not in some unrelated proceeding."). Accordingly, the court will deny petitioner's motion for reconsideration.

As to petitioner's request for an order allowing him to proceed with an interlocutory appeal, petitioner is advised that the court may grant him permission to file an interlocutory appeal if it determines that its order "involves a controlling question of law as to which there is a substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.

§ 1292(b). See also In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (interlocutory appeals under § 1292(b) should "be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."). Here, petitioner has failed to demonstrate that the court's previous order denying his motion to expand the record involves a controlling question of law. In fact, even if the court allowed petitioner to proceed with an interlocutory appeal, the court would still be required to decide the merits of petitioner's prosecutorial misconduct and ineffective assistance of counsel claims by examining his criminal proceedings, not other prior criminal proceedings involving Attorney Barone and Attorney Davis. As noted above, an attorney's prior suspension or disbarment is not a per se violation of petitioner's constitutional rights or relevant or controlling with regard to the constitutional claims presented by petitioner here. Nor has petitioner shown that there is a substantial grounds for difference of opinion on this question of law. Finally, petitioner has failed to demonstrate that an immediate appeal of the court's order will materially advance this litigation. Accordingly, the court will deny petitioner's request for a court order allowing him to proceed with an interlocutory appeal.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 19, 2009 motion for reconsideration (Doc. No. 33) is denied; and

2. Petitioner's February 19, 2009 request for a court order allowing him to proceed with an interlocutory appeal (Doc. No. 33) is denied.

DATED: April 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
roge1395.mtnr